1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MARTIN L. GUITARD,

        Defendant.

Case No.  CR06-0069RSL

ORDER ON MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER
JURISDICTION

## I.  Introduction

On March 3, 2006, Martin Guitard was charged with one count of conspiracy to steal
This matter comes before the Court on defendant Martin Guitard's "Motion to Dismiss
for Lack of Subject Matter Juristiction [sic]" (Dkt. # 44).  In the instant motion, Guitard argues
that this Court lacks subject matter over the alleged criminal act because it did not impact
interstate commerce.  The government argues that the facts clearly establish that Guitard stole
from an interstate shipment of fuel in violation of a federal statute.  At the hearing, the
government argued that Guitard's motion for summary judgment on this factual question is
premature.  Upon consideration of these arguments, the Court now denies the motion.

## II.  Background Facts

On March 3, 2006, Martin Guitard was charged with one count of conspiracy to steal
interstate shipments, 19 counts of theft of interstate shipments, and 44 counts of money

ORDER ON MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION

1  laundering.  The charges stemmed from a scheme in which Guitard allegedly stole fuel from the
2  Harbor Island depot.  The fuel arrived at the fuel depot from maritime barges or the Olympic
3  Pipeline.  It was stored temporarily at the depot and later dispatched to retail gas station in the
4  state of Washington.

### III.  Analysis

6       Congress has the power "[t]o regulate Commerce . . . among the several states."  U.S.
7  CONST. art. I, § 8, cl. 3.  Guitard is alleged to have violated 18 U.S.C. § 659, which makes it a
8  crime to steal "from any tank or storage facility, station, station house, platform or depot . . .
9  with intent to convert to his own use any goods or chattels moving as or which are a part of or
10 which constitute an *interstate* or foreign shipment of freight, express, or other property . . . ."  18
11 U.S.C. § 659 (emphasis added).  This Court has jurisdiction over "all offenses against the laws
12 of the United States."  18 U.S.C. § 3231.

13      Guitard does not dispute that he is charged with a crime against the laws of the United
14 States, nor does he suggest that this law is unconstitutional.  Instead, he asks the Court to
15 dismiss the action because his particular alleged criminal acts were purely intrastate.  This
16 argument invokes two distinct inquires: (1) whether the indictment was properly supported by
17 the evidence; and (2) whether the government can present facts that will establish that Guitard's
18 actions affected interstate commerce.  This motion should have been brought under Rule 12 of
19 the Federal Rules of Criminal Procedure.  FED. R. CRIM. P. 12(b)(3)(B) ("[A]t any time while the
20 case is pending, the court may hear a claim that the indictment or information fails to invoke the
21 court's jurisdiction or to state an offense.").

22      The Court holds that Guitard's indictment properly invokes the Court's jurisdiction.
23 Section 659 of title 18 of the United States Code criminalizes theft from a pipeline system or
24 storage facility that is part of interstate commerce.  18 U.S.C. § 659.  Other courts have found a
25 violation of § 659 based on the theft of gas from a storage facility that was part of an interstate
26

ORDER ON MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION

1    pipeline system.  United States v. Williams, 559 F.2d 1243, 1247–48 (4th Cir. 1977).  The

2    government alleged that Guitard stole gas from an interstate pipeline system and the grand jury

3    returned an indictment for this crime.  No further inquiry is needed.  See Costello v. United

4    States, 350 U.S. 359, 409 ("An indictment returned by a legally constituted and unbiased grand

5    jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial

6    of the charge on the merits.") (footnote omitted).

7         Although the indictment is proper, whether Guitard's actions affected interstate

8    commerce remains an open question.  While this inquiry invokes jurisdictional issues, it is a

9    question that must be resolved by the trier of fact.  Where the Court's subject matter jurisdiction

10   involves a mixed question of law and fact, "the issue should be determined at trial. . . .  This is

11   clearly the case when the jurisdictional requirement is also a substantive element of the offense

12   charged."  United States v. Alfonso, 143 F.3d 772, 777 (2d Cir. 1998).  The Court may resolve

13   such a motion without "'invad[ing] the province of the' jury" only if "neither party contest[s] the

14   facts."  United States v. Phillips, 367 F.3d 846, 855 n.25 (9th Cir. 2004) (citing United States v.

15   Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)).  It will be the province of the

16   jury to determine whether the facts presented by the government at trial prove an effect on

17   interstate commerce sufficient to satisfy the requisite element of the charged offense.

18                                   **IV.  Conclusion**

19        For the foregoing reasons, Guitard's motion to dismiss for lack of subject matter

20   jurisdiction (Dkt. # 44) is DENIED.

21

22        DATED this 15th day of June, 2006.

23

24                                          _MMr S Lasnik_

25                                          Robert S. Lasnik
                                            United States District Judge

26

ORDER ON MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION