UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

MARTIN LYNN GUITARD,

        Defendant.

Case No.  CR06-0069RSL

ORDER ON MOTION FOR
DISCLOSURE OF EXCULPATORY
SENTENCING INFORMATION

    This matter comes before the Court on defendant Martin Guitard's "Motion for Disclosure of Exculpatory Sentencing Information." (Dkt. # 128).  Guitard requests an order compelling the government to disclose certain information regarding co-defendants Neil Kikuchi and James Ito.  The information requested includes:  (1) "the existence and substance of all promises of immunity, leniency or preferential treatment, including any written PLEA AGREEMENTS and transcripts of plea proceedings," and (2) certain portions of the co-defendants' presentence investigation reports including all of Parts A and B, along with the "Personal Characteristic Section" of Part C "dealing with drug usage and mental health." (Motion at pp. 1-2).

    With respect to Guitard's first request, the government responds that all promises of "leniency or preferential treatment" are contained in Kikuchi's and Ito's plea agreements and

ORDER ON MOTION FOR
DISCLOSURE OF EXCULPATORY
SENTENCING INFORMATION- 1

1   that Kikuchi and Ito received no "promises of immunity" other than "the standard

2   agreement...for 'Non-Prosecution of Additional Offenses.'"  (Response at p. 2).  Contrary to

3   Guitard's mistaken representation, the co-defendants' plea agreements are not sealed and do not

4   require a court order to obtain them.  The Court therefore denies this aspect of defendant's

5   motion to compel.

6        The government also opposes Guitard's request for certain portions of the co-defendants'

7   presentence investigation reports.  The government contends it has no authority under Local

8   Rule 32(b)(7) to disclose Kikuchi's and Ito's confidential presentence reports to Guitard.  The

9   Court agrees.  Rule 32(b)(7) expressly provides that a presentence report "constitutes a

10  confidential court document and shall be presumed to remain under the continuing control of the

11  court during the time that such presentence report is in the temporary custody of any...agenc[y]."

12  Rule 32(b)(7).  Because the co-defendants' reports remain under the Court's control, the

13  government may not disclose them.

14       The defendant is correct, however, that Brady v. Maryland, 373 U.S. 83 (1963) requires

15  disclosure of exculpatory evidence contained in a key witness's presentence report.  See United

16  States v. Alvarez, 358 F.3d 1194, 1207 (9th Cir. 2004) ("While a criminal defendant has no

17  constitutional right to examine presentence reports, he is nevertheless entitled to disclosure of

18  *Brady* material contained therein.").  To conform with Brady's requirements, the Ninth Circuit

19  has stated that "trial judges have discretion either to make an *in camera* inspection of the

20  materials or to rely on an examination by a probation officer."  Id. at 1207-1208 (citing United

21  States v. Chavez-Vernaza, 844 F.2d 1368, 1375 (9th Cir. 1988)).  Accordingly, this Court has

22  reviewed drafts of Kikuchi's and Ito's presentence reports *in camera* to determine whether they

23  contain any exculpatory information to be disclosed to Guitard.

24

25

26

27  ORDER ON MOTION FOR
    DISCLOSURE OF EXCULPATORY
28  SENTENCING INFORMATION- 2

1        For the foregoing reasons, defendant Guitard's "Motion for Disclosure of Exculpatory

2    Sentencing Information" (Dkt. # 128) is DENIED.  The Court has a packet of portions of the

3    presentence reports which the Court finds should be disclosed to Guitard's attorney.  Defense

4    Counsel and the Assistant U.S. Attorneys can pick up these packets in chambers.

5

6        DATED this 18th day of January, 2007.

7

8                                                    _MW S Casnik_

9                                                    Robert S. Lasnik
                                                     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ORDER ON MOTION FOR
     DISCLOSURE OF EXCULPATORY
28   SENTENCING INFORMATION- 3